SEALED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

June 2014 Grand Jury

| UNITED STATES OF AMERICA, | Case No. **14CR2950H** |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | Title 18, U.S.C., Sec. 1341 - Mail Fraud; Title 18, U.S.C., Sec. 1017 - Use of Fraudulent Government Seal; Title 18, U.S.C., Sec. 157 - Bankruptcy Fraud; Title 18, U.S.C., Sec. 1028A(a)(1) - Aggravated Identity Theft; Title 18, U.S.C., Sec. 981(a)(1)(C) and Title 28, U.S.C. Sec. 2461(c) - Criminal Forfeiture |
| KEITH LAWRENCE MIDDLEBROOK, | |
| Defendant. | |

The grand jury charges:

INTRODUCTORY ALLEGATIONS

At all times pertinent to this Indictment:

1. Defendant KEITH LAWRENCE MIDDLEBROOK ("MIDDLEBROOK") was the owner and president of several companies including Keith Middlebrook Pro Sports, FICO Financial Services, Elite Platinum Portfolios, Monterey Capital Management Inc., Pro Sports Investment Portfolio LLC, and the Keith Middlebrook Foundation.

//

DBH:nlv:San Diego
10/9/14

2. "Credit scores" are numbers designed to represent a person's creditworthiness. The scores are generated by, and based on information reported to, "credit reporting agencies." Three of the largest credit reporting agencies in the United States are Experian, Trans Union, and Equifax.

3. The Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679, regulates the activities of "credit repair organizations." CROA defines a "credit repair organization" as "any person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform (or represent that such person can or will sell, provide, or perform) any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of (i) improving any consumer's credit record, credit history, or credit rating; or (ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (i)."

4. CROA prohibits credit repair organizations from accepting money or other valuable consideration for the performance of any service before the service is fully performed. CROA further prohibits making untrue or misleading statements with respect to any consumer's credit worthiness, credit standing, or credit capacity to a credit reporting agency.

5. CROA requires that a credit repair organization provide its customers a written contract, a separate specific written statement of rights, a "Notice of Cancellation," and a copy of any other document the credit repair organization requires its customer to sign.

6. Neither consumers nor credit repair organizations have the right to have accurate, current, and verifiable information removed from a credit report. Accurate, negative information must be removed

only if it is over seven years old or, for bankruptcy information, over ten years old.

## Counts 1-15

### MAIL FRAUD

[18 U.S.C. § 1341]

7. The allegations set forth in paragraphs 1 through 6 above are realleged as if fully set forth herein.

**The Scheme to Defraud**

8. Beginning on a date unknown to the grand jury but no later than August 2013, and continuing through the date of this indictment, within the Southern District of California, and elsewhere, defendant KEITH LAWRENCE MIDDLEBROOK did devise and intend to devise with the intent to defraud a scheme and artifice to defraud as to material matters and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and intentional concealment and omission of material facts.

**Manner and Means**

9. In furtherance of this scheme and artifice to defraud, MIDDLEBROOK utilized the following manner and means, among others:

    a. MIDDLEBROOK sought clients from across the country, especially clients who were famous, wealthy, or otherwise high-profile, by promising to raise the clients' credit scores by working with credit reporting agencies;

    b. In exchange for this purported service, MIDDLEBROOK often charged thousands of dollars, receiving payment before rendering services;

  c. MIDDLEBROOK concealed from his clients material information about CROA, including that he could not legally accept money for his services before completing the service, that a written contract containing specific language was required by law, and that he could not legitimately remove valid debts from a credit history;

  d. MIDDLEBROOK created, and caused others to create, fraudulent documents purporting to be from businesses, financial institutions, government agencies, and creditors, which falsely claimed that the debts owed by MIDDLEBROOK's clients were no longer owed and should be deleted from the clients' credit histories;

  e. MIDDLEBROOK used forged seals from government agencies to mislead creditors as to the legitimacy of the clients' debts;

  f. MIDDLEBROOK sent, and directed his employees to send, the fraudulent documents to creditors in the United States Postal system;

  g. Along with the fraudulent documents, MIDDLEBROOK created and sent, and directed his employees to create and send, letters containing the clients' social security number and purported signature. The clients did not actually sign these documents.

  h. Some of the letters MIDDLEBROOK caused to be sent caused credit reporting agencies to remove negative information from the clients' credit reports, thereby improving the clients' credit scores.

**The Mailings**

10. On or about the dates listed below, within the Southern District of California, defendant KEITH LAWRENCE MIDDLEBROOK, for the purpose of executing the aforesaid material scheme, knowingly deposited and caused to be deposited matters and things to be sent and delivered by the United States Postal Service and private and commercial interstate carriers.

| Count | Date of Mailing | Debtor Initials | Mailing Location | Recipient | Fraudulent Document |
|---|---|---|---|---|---|
| 1 | 08/29/13 | C.S. | Oceanside | Trans Union | "Removal of Bankruptcy" District of Nevada |
| 2 | 08/30/13 | C.S. | Oceanside | Equifax | "Removal of Bankruptcy" District of Nevada |
| 3 | 09/11/13 | C.S. | Oceanside | Experian | Mercedes-Benz Financial Services |
| 4 | 09/18/13 | J.M. | Escondido | Equifax | "Removal of Bankruptcy" Southern District of California |
| 5 | 09/18/13 | J.M. | Escondido | Trans Union | "Removal of Bankruptcy" Southern District of California |
| 6 | 09/23/13 | J.M. | Carlsbad | Equifax | County of San Diego |
| 7 | 09/23/13 | J.M. | Carlsbad | Trans Union | County of San Diego |
| 8 | 10/01/13 | J.M. | Fallbrook | Equifax | County of San Diego |
| 9 | 10/04/13 | J.M. | Fallbrook | Equifax | First Premier Bank |
| 10 | 10/04/13 | J.M. | Fallbrook | Trans Union | First Premier Bank |
| 11 | 10/10/13 | J.M. | Escondido | Equifax | County of San Diego |

5

| 12 | 10/25/13 | J.S. | Escondido | Trans Union | Progressive Management Systems |
| --- | --- | --- | --- | --- | --- |
| 13 | 10/29/13 | J.S. | Escondido | Trans Union | Progressive Management Systems |
| 14 | 10/30/13 | J.M. | Oceanside | Equifax | County of San Diego |
| 15 | 11/06/13 | J.M. | Escondido | Equifax | County of San Diego |

All in violation of Title 18, United States Code, Section 1341.

Counts 16-19

USE OF FRAUDULENT GOVERNMENT SEAL

[18 U.S.C. § 1017]

11. The allegations set forth in paragraphs 1 through 6 above are realleged as if fully set forth herein.

12. On or about the dates listed below, within the Southern District of California, defendant KEITH LAWRENCE MIDDLEBROOK, with wrongful and fraudulent intent, used and transferred to another a document upon which the seal of a department or agency of the United States had been fraudulently affixed.

| Count | Date of Use and Transfer | Debtor Initials | Fraudulent Document |
| --- | --- | --- | --- |
| 16 | 08/29/13 | C.S. | "Removal of Bankruptcy" District of Nevada |
| 17 | 08/30/13 | C.S. | "Removal of Bankruptcy" District of Nevada |
| 18 | 09/18/13 | J.M. | "Removal of Bankruptcy" Southern District of California |
| 19 | 09/18/13 | J.M. | "Removal of Bankruptcy" Southern District of California |

All in violation of Title 18, United States Code, Section 1017.

...

## Count 20

### Bankruptcy Fraud

[18 U.S.C. § 157]

13. The allegations set forth in paragraphs 1 through 6 are realleged as if fully set forth herein.

14. Beginning on a date unknown to the grand jury but no later than August 2013, and continuing through the date of this indictment, within the Southern District of California, and elsewhere, defendant KEITH LAWRENCE MIDDLEBROOK did devise and intend to devise with the intent to defraud a scheme and artifice to defraud, more fully described in Paragraph 9, and for the purpose of executing and concealing this scheme and artifice and attempting to do so, made a false and fraudulent representation, claim, and promise concerning and in relation to a bankruptcy proceeding under Title 11, that is, that no bankruptcy petition was filed by or against J.M. and that J.M. was released from bankruptcy proceedings; in violation of Title 18, United States Code, Section 157.

## Counts 21-35

### Aggravated Identity Theft

[18 U.S.C. § 1028A]

15. The allegations set forth in paragraphs 1 through 6 above are realleged as if fully set forth herein.

16. On or about the dates listed below, within the Southern District of California, defendant KEITH LAWRENCE MIDDLEBROOK did knowingly use, without legal authority, a means of identification of another person, a signature and social security number, knowing that the means of identification belonged to a real person, during and in relation to Mail Fraud in violation of Title 18, United States Code,

Section 1341, and Use of a Fraudulent Government Seal; in violation of Title 18, United States Code, Section 1017:

| Count | Date of Use | Initials of Identity Used | Recipient |
|---|---|---|---|
| 21 | 08/29/13 | C.S. | Trans Union |
| 22 | 08/30/13 | C.S. | Equifax |
| 23 | 09/11/13 | C.S. | Experian |
| 24 | 09/18/13 | J.M. | Equifax |
| 25 | 09/18/13 | J.M. | Trans Union |
| 26 | 09/23/13 | J.M. | Equifax |
| 27 | 09/23/13 | J.M. | Trans Union |
| 28 | 10/01/13 | J.M. | Equifax |
| 29 | 10/04/13 | J.M. | Equifax |
| 30 | 10/04/13 | J.M. | Trans Union |
| 31 | 10/10/13 | J.M. | Equifax |
| 32 | 10/25/13 | J.S. | Trans Union |
| 33 | 10/29/13 | J.S. | Trans Union |
| 34 | 10/30/13 | J.M. | Equifax |
| 35 | 11/06/13 | J.M. | Equifax |

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATIONS

17. The allegations contained in paragraphs 1 through 10 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

18. Upon conviction of Counts 1 through 15, defendant KEITH LAWRENCE MIDDLEBROOK shall forfeit to the United States any real or personal property constituting, derived from, or traceable to the

proceeds that the defendant obtained directly or indirectly as a result of the offense(s), pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

19. If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third party;
    c.    has been placed beyond the jurisdiction of the court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), made applicable herein by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of the said property described above as being subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

DATED: October 9, 2014.

A TRUE BILL:

*[signature]*
Foreperson

LAURA E. DUFFY
United States Attorney

By: *[signature]*
D. BENJAMIN HOLLEY
Assistant U.S. Attorney