**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  v.<br><br>KEITH LAWRENCE MIDDLEBROOK,<br><br>     Defendant. | Case No. 14CR2950-H<br><br>ORDER VACATING JURY TRIAL AND MOTIONS IN LIMINE HEARING AND CONSIDERING PROVISIONAL APPOINTMENT OF FEDERAL DEFENDERS |

On April 8, 2016, the Court held a status hearing on the government's motion to revoke order of release for Defendant Keith Lawrence Middlebrook ("Defendant"). (Doc. No. 78.) At the status hearing, the government provided information to the Court that may result in a conflict of interest between the Defendant and his retained counsel.

On April 21, 2016, the Defendant filed a motion for extension of time to respond to the government's motion to revoke order of release and to vacate the jury trial date. (Doc. No. 83.) In his motion, the Defendant represented "that the government takes no position on the request to extend time or the motion to continue the trial date." Id. at pg. 1.

In light of this situation, and good cause appearing, the Court is considering provisionally appointing Federal Defenders of San Diego, Inc. ("Federal Defenders") for the purpose of advising the Defendant of any potential conflict of interest between

-1-

the Defendant and his retained counsel, and to file any appropriate motions. The Court requests counsel from Federal Defenders to appear at the status hearing on April 29, 2016 at 9:00 a.m. The provisional appointment of Federal Defenders is subject to the reimbursement guidelines established in the Guide to Judiciary Policy. See Guide to Judiciary Policy, Vol 7A, Ch. 2, § 230.40(c). ("When the court determines that a person who received representation under the CJA was financially ineligible for those services at the time they were rendered, and directs that the person reimburse the government, the payment should be made by check or money order to the clerk of court for deposit into the Treasury. Such funds will be credited to the Defender Services appropriation.")

Alternatively, the Court would consider provisionally appointing Federal Defenders under its inherent authority under the Guide to Judiciary Policy. See Guide to Judiciary Policy, Vol. 7A, Ch. 2, § 220.55.30(b). ("[A]n appointment under this section may be made regardless of whether the defendant is financially able to obtain adequate representation. In such cases, compensation will be determined by the judicial officer according to CJA hourly rates and case compensation maximums"). The Court notes that Federal Defenders was previously appointed to represent the Defendant.

Pending resolution on the conflict of interest issue, the Court vacates the motions in limine hearing scheduled for May 2, 2016 and vacates the jury trial scheduled for May 3, 2016. The Court further notes that the time screened jurors for the May 3, 2016 jury trial will not be needed.

IT IS SO ORDERED.

DATED: April 22, 2016

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

cc:   Kasha K. Castillo
      Supervisory Trial Attorney
      Federal Defenders of San Diego, Inc.